**KRONENBERGER ROSENFELD, LLP**
Jeffrey M. Rosenfeld (Bar No. 222187)
jeff@kr.law
Virginia Sanderson (Bar No. 240241)
ginny@kr.law
Leah Rosa Vulić (Bar No. 343520)
leah@kr.law
548 Market Street #85399
San Francisco, CA 94104-5401
Telephone: (415) 955-1155

*Attorneys for Defendant Information.com LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **EUGENE MANNACIO**, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**INFORMATION.COM LLC**, a Delaware limited liability corporation,<br><br>Defendant. | Case No. 4:24-cv-01717-JSW<br><br>Assigned to the Honorable Senior District Judge Jeffrey S. White<br><br>**DEFENDANT INFORMATION.COM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS IN THE COMPLAINT AGAINST DEFENDANT INFORMATION.COM, LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       June 28, 2024<br>Time:       9:00 a.m.<br>Before:     Hon. Jeffrey S. White<br>Courtroom:  5, 2nd Floor |

1   TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

2           PLEASE TAKE NOTICE that on Friday, June 28, 2024, at 9:00 a.m., or as soon

3   thereafter may be heard by the Honorable Jeffrey S. White, Senior District Judge of the

4   United States District Court for the Northern District of California, located at Oakland

5   Courthouse, Courtroom 5 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, Defendant

6   Information.com, LLC ("Defendant") will and hereby does move the Court for an order

7   dismissing the complaint of Plaintiff Eugene Mannacio, pursuant to Federal Rule of Civil

8   Procedure Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim

9   upon which relief can be granted.

10          The Court should dismiss Plaintiff's lawsuit pursuant to Fed. R. Civ. P. Rule 12(b)

11  because Plaintiff does not have standing to assert claims for violation of Cal. Civ. Code

12  §3344, Cal. Bus. & Prof. Code §17200, or misappropriation of his likeness, where Plaintiff

13  admits he has not used Defendant's Website and has no knowledge or proof of his name

14  or likeness being used thereon.

15          Further, the Court should dismiss Plaintiff's lawsuit pursuant to Fed. R. Civ. P. Rule

16  12(b)(6) because Plaintiff has not asserted a valid claim for relief under Cal. Civ. Code

17  §3344, Cal. Busy & Prof. Code §17200, or for misappropriation of his likeness where

18  Plaintiff admits he has not used Defendant's Website and has no knowledge or proof of

19  his name or likeness being used thereon.

20          This motion is made under the aforementioned rules and is based upon this Notice

21  of Motion, the Memorandum of Points and Authorities in support thereof, all other pleadings

22  and papers on file herewith, and such other argument and evidence as may be presented

23  to the Court.

24  Respectfully submitted,

25  DATED: May 20, 2024                        **KRONENBERGER ROSENFELD, LLP**

26

27                                              By:  s/ Virginia Sanderson
                                                     Virginia Sanderson

28
                                                Attorneys for Defendant Information.com LLC

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    Plaintiff Eugene Mannacio is suing Defendant Information.com LLC because its

4    website allows users to search for background information on individuals. Plaintiff claims

5    the Website violates the right of publicity and rights under unfair business practice laws.

6    Just not his rights. Plaintiff admits that he hasn't used Defendant's website (the "Website").

7    He admits that his attorney cannot produce allegations showing that his name or personal

8    information was used on the Website to advertise a product. Instead, he promises that he

9    will make those allegations in the future. That might very well be. But presently, it is a

10   twofold problem for his lawsuit: (1) he cannot establish Article III standing under the U.S.

11   Constitution and (2) he cannot make any claim out on which this Court may grant relief. As

12   a result, the Court should dismiss his Complaint either without prejudice under Rule

13   12(b)(1) of the Federal Rules of Civil Procedure or with prejudice under Rule 12(b)(6).

14

## II.    STATEMENT OF THE ISSUES TO BE DECIDED

15   1.    Whether Plaintiff has standing to assert claims for violation of Cal. Civ. Code

16   §3344, Cal. Bus. & Prof. Code §17200, or misappropriation of his likeness where Plaintiff

17   admits he has not used Defendant's Website and has no knowledge or proof of his name

18   or likeness being used thereon?

19   2.    Whether Plaintiff has asserted a valid claim for relief under Cal. Civ. Code

20   §3344, Cal. Busy & Prof. Code §17200, or for misappropriation of his likeness where

21   Plaintiff admits he has not used Defendant's Website and has no knowledge or proof of

22   his name or likeness being used thereon?

23

## II.    FACTUAL BACKGROUND

24   Defendant's Website sells access to background reports based on public and

25   private third-party sources. (Compl., ECF No. 1 at 3 ¶7.) Plaintiff alleges that Defendant's

26   Website allows a user to search for an individual in four ways.

27   One is the "Name Search," which allows a user to search by "first name, last name,

28   and location." *Id.* at 14 ¶36. Plaintiff alleges that the search produces a "teaser profile" with

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

an individual's name and location that Defendant allegedly uses to sell a subscription or real time updates on a subject. *Id.* at 16-17 ¶¶40-41. The Complaint doesn't offer any further details on the nature of the subscription when this type of search is performed.

Another way to search is by "Popular Name," which Plaintiff claims allows a user to call up the top 1,000 names for a given date. *Id.* at 19 ¶45. By clicking a name, Plaintiff alleges that the Website produces another "teaser profile" with more detailed information about an individual, including their name and age and other data. *Id.* at 20 ¶46. When a user clicks an "Open Report" button for a particular individual, Plaintiff alleges that Defendant's Website offers a "paid subscription." *Id.* at 21 ¶48. Again, the Complaint offers no details about the nature of the subscription under this search method.

A third search method is "Internet Search Engine," which begins with entering a name into a search engine like Google that might display a link to a "teaser profile" on Defendant's Website that if accessed, offers a subscription. (ECF No. 1 at 22 ¶¶52-56.) Still, the Complaint offers no details on what kind of paid subscription or to what.

The fourth search method alleged by Plaintiff is the "Directory." This search method begins with the landing page where a link offers a Directory. When clicked, it produces a list of names. If a particular name is clicked, Defendant's Website allegedly offers a "teaser profile," which if accessed also offers a subscription. *Id.* at 24 ¶¶60-64. Plaintiff again does not describe the nature of the subscription under this search method.

In describing each of these four methods, Plaintiff used other people's names. And, except for access to personal information for the individuals' names, Plaintiff doesn't specify what product Defendant is selling with the names beyond the vague reference to subscriptions. He certainly doesn't allege that they are selling access to his personal information. His Complaint makes abundantly clear that none of the methods have produced his name alongside an offer of a subscription.

 "Plaintiff has never used or visited the website www.information.com." (ECF No. 1 at 4 ¶11.) Although he alleges that he expects that "advertising flows" work in the same way for him as they do for the individuals' names his attorney searched for, *id.* at 14 ¶38,

2

**DFDNT'S NOTICE AND MOT. TO DISMISS CLAIMS PER FRCP 12(B)(1), (6)**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1  he cannot allege that they do—except to say that his attorney performed "a name search

2  using Plaintiff's name before receiving the threatening message, but did not collect

3  contemporaneous screenshots, except for the final teaser profile and solicitation depicted

4  above." *Id.* Nonetheless, Plaintiff alleges that his identity was "misappropriated" under the

5  California Right of Publicity Statute, Cal. Civ. Code §3344 and the common law and that

6  Defendant violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200

7  ("UCL").

8      Plaintiff attempts to excuse the absence of more certain allegations by referring to

9  "threats" from Defendant's lawyers. These allegations are overstated. On February 28,

10  2024, Plaintiff's counsel sent an e-mail to the generic address on Defendant's site in which

11  he attempted to disclaim or refuse consent to the terms and conditions that Defendant

12  imposes on the use of its Website. (ECF No. 1 at 31 ¶78). In response, Defendant's

13  attorney told Plaintiff's attorney that he was not permitted to use the Website if he didn't

14  accept the Website's terms. *Id.* at 32 ¶82.

15  **IV.**   **LEGAL STANDARD**

16      **A.**   **Motion to Dismiss Under Rule 12(b)(1)**

17      Rule 12(b)(1) is for objections to subject matter jurisdiction; in turn, it governs a

18  defendant's challenge to a plaintiff's standing. When a defendant objects under Rule

19  12(b)(1), the plaintiff bears the burden of establishing standing based on the allegations in

20  his Complaint. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir.

21  2010). Plaintiff here lacks standing.

22      **B.**   **Motion to Dismiss Under Rule 12(b)(6)**

23      Were the Court to find standing, however, it would then need to apply the standard

24  required under Rule 12(b)(6). "To overcome a Rule 12(b)(6) motion to dismiss after the

25  Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic*

26  *Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's 'factual allegations [in the

27  complaint] 'must...suggest that the claim has at least a plausible chance of success.'"

28  *Brooks v. Thomson Reuters Corp.*, No. 21-cv-01418, 2021 WL 3621837, at *2 (N.D. Cal.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

Aug. 16, 2021) (quoting *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014)). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Id.* Under this standard, Plaintiff's Complaint cannot be sustained.

## V.   ARGUMENT

### A.   Plaintiff cannot establish Article III standing.

A federal court may not exercise jurisdiction unless a plaintiff has standing. "A plaintiff will lack standing unless the plaintiff: '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Ridgeway v. Spokeo, Inc.*, No. 23-CV-01660, 2023 WL 6795277, at *2 (C.D. Cal. Oct. 11, 2023) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). In an identity misappropriation case like this one, a plaintiff must allege that someone—other than himself or his counsel—"searched for or viewed his teaser report in order for the Complaint to survive." *Id.* at **3, 5 n.5.

Plaintiff doesn't make this allegation. He admits that he has never used or visited the Website www.information.com. (ECF No. 1 at 4 ¶11.) As a substitute, Plaintiff alleges that he expects that "advertising flows" work in the same way for him as other names alleged in his complaint. *Id.* at 14 ¶38. And his attorney allegedly searched Plaintiff's name for him but doesn't have screenshots. *Id.*

Even if he had the screenshots, they wouldn't be enough under *Ridgeway*. The plaintiff in *Ridgeway* brought a case just like this one where he alleged that Spokeo used a "teaser report" based on indicia of identity to induce users to subscribe to Spokeo's database. *Ridgeway*, 2023 WL 6795277, at *2. But the court in *Ridgeway* rejected the plaintiff's standing arguments because he failed "to assert that this actually happened— namely that anyone searched for or viewed his teaser report and was therefore 'teased with his identity.'" *Id.* In dismissing the screenshots, the court in *Ridgeway* acknowledged "that there are screenshots of Ridgeway's profile in the Complaint, but there are no allegations that these screenshots came from someone other than Ridgeway himself or

4

his counsel." *Ridgeway*, 2023 WL 6795277, at *5 n.5.

The following captures the court's reasoning for finding a lack of standing:

> The parties themselves agreed that the teaser profile *does not even exist* until someone searches for a given individual—at which point it is generated and presented. It does not merely sit on the internet as a webpage waiting to be accessed, but requires someone specifically interested in Ridgeway's information to seek it and Spokeo to respond to that request by generating and presenting the teaser report. This is what differentiates it from other information "published" on the internet. Accordingly, the Court finds that an allegation that someone did search for Ridgeway's information and generate a corresponding teaser report would be required to have his identity be considered "used," which is in turn necessary for resulting injury. Spokeo could not have caused Ridgeway's indicia of identity to be used, much less used to sell its products or services, if no one has actually searched for Ridgeway's profile, and therefore his teaser report has never been generated nor seen by anyone.

*Ridgeway*, 2023 WL 6795277, at *5.

This reasoning is consistent with the U.S. Supreme Court's holding in *TransUnion LLC v. Ramirez*: the "mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." 594 U.S. 413, 436 (2021). As in *TransUnion*, Plaintiff has alleged only the risk of future harm, *i.e.* that someone in the future could be interested about him and search his name on information.com. Because, under the *Ridgeway* holding, Plaintiff has not alleged that anyone except his attorney searched for his name, Plaintiff lacks standing here. For this reason, the Court should dismiss his Complaint without prejudice.

**B.    Plaintiff will be subject to the Arbitration Agreement in the website's Terms and Conditions if he uses the Website.**

Were the Court to find standing, Plaintiff could be subject to an arbitration agreement with Defendant.[1] For now, Defendant takes Plaintiff at his word: "he has never used or visited the website www.information.com." As a result, Defendant doesn't have an

---

[1] *See* Defendant's Website at https://information.com/terms-conditions/.

DFDNT'S NOTICE AND MOT. TO DISMISS
CLAIMS PER FRCP 12(B)(1), (6)

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

arbitration agreement with Plaintiff under its terms and conditions. But Defendant reserves the right to invoke the arbitration agreement if Plaintiff or his representatives uses the Website or Plaintiff attempts to argue that he used the Website to withstand this motion.

**C.      Plaintiff fails to allege facts sufficient to support Plaintiff's claims of misappropriation and unfair trade practices.**

Plaintiff alleges three causes of action: misappropriation under section 3344 of the California Civil Code, common law misappropriation, and unlawful or unfair business practices under the UCL. Each of these fail the Court's pleading standard.

**1.      Plaintiff doesn't make out a prima facie case of commercial misappropriation.**

"California has long recognized a right of publicity (also known as a 'commercial misappropriation' claim), which protects a person's name and likeness against appropriation by others for their commercial advantage." *Brooks v. Thomson Reuters Corp.*, No. 21-cv-01418, 2021 WL 3621837, at *2 (N.D. Cal. Aug. 16, 2021). "There are two ways to assert a right of publicity claim: a common law cause of action for commercial misappropriation, and a statutory remedy for commercial misappropriation under section 3344 of the California Civil Code." *Id.*

"To state a common law claim for commercial misappropriation, a plaintiff must prove: (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Id.* (internal citations and quotations omitted). "To state a statutory claim under section 3344, a plaintiff must plead all the elements of the common law claim and must also prove (5) a knowing use by the defendant, and (6) a direct connection between the alleged use and the commercial purpose." *Id.* Plaintiff uses both statutory and common law to assert misappropriation here. But he cannot meet the use and commercial appropriation elements.

//

//

6

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

**a.      The Court should dismiss the Complaint because Plaintiff has not plausibly alleged that Defendant used _his_ identity.**

The first element "requires a plaintiff to establish a knowing use of the plaintiff's likeness." _Camacho v. Control Grp. Media Co., LLC_, No. 21-cv-1954, 2022 WL 3093306, at *24 (S.D. Cal. July 18, 2022). In contrast to _Camacho_—where the judge found that screenshots from an attorneys' search were enough to establish use—Plaintiff doesn't allege that he searched for his own name. Instead, Plaintiff and his counsel allege that they _will_ search them and produce screenshots once they receive authorization from the court. But that is not enough to presently sustain a claim.

The Court also shouldn't credit Plaintiff's allegations that his attorneys were threatened not to use the Website. As a private property owner, Defendant is entitled to impose conditions on the use of its Website that do not violate the law. Agreeing to arbitrate disputes with it is one such permissible condition. By refusing those conditions and using the Website in their client's stead—all while disclaiming the terms and conditions—Plaintiff and his attorneys are trying to circumnavigate that condition. They shouldn't be permitted to use their gambit to unilaterally diminish the pleading requirements under the federal rules. The Court should dismiss Plaintiff's Complaint with prejudice.

**b.      The Court should dismiss the Complaint because Plaintiff has not plausibly alleged that Defendant used his identity for commercial purposes.**

"The second element requires the plaintiff to show that the defendant used their identity "to advertise or promote a separate product or service." _Brooks_, 2021 WL 3621837, at *4. But a plaintiff may not maintain a misappropriation claim—statutory or common law— where the alleged product "_is_ their name, likeness, and personal information." _Id_. That is what Plaintiff is attempting to do here: he alleges misappropriation based on what he presumes will be an offer of his name and personal information. No doubt, Plaintiff will argue that the "separate product" here is a subscription offer that Plaintiff alleges will

KRONENBERGER ROSENFELD
150 Post Street, Suite 520 San Francisco, CA 94108

1    appear after the "prospective subscriber" clicks "Open Report." There has been some

2    tension among courts on this issue.

3        *Dobrowolski v. Intelius, Inc.* was a "people search" class action under Illinois law.

4    Finding that use of the individuals' personal information was not a "commercial purpose,"

5    the court reasoned as follows:

6            The marketing page lists defendants' reports that are available
             for purchase, and for each listing there is a preview of the
7            information in the underlying report. The plaintiffs' identities are
             not used to promote a separate product—they are used
8            because plaintiffs' identities are part of the product offered for
             sale.
9
     No. 17 CV 1406, 2018 WL 11185289, at *3 (N.D. Ill. May 21, 2018).
10
         The court in *Lukis v. Whitepages Inc.* distinguished *Dobrowolski*:
11
             Whitepages used Lukis's identity to advertise not a background
12           report regarding Lukis, but a monthly subscription service
             giving the purchaser access to background reports on anybody
13           in Whitepages's database.... Thus, Lukis's identity was not part
             and parcel of the entire product or service being advertised,
14           meaning that Whitepages's use of her identity had a
             commercial purpose even on *Dobrowolski's* understanding of
15           Section 30(a).

16    454 F. Supp. 3d 746, 761 (N.D. Ill. 2020).

17        Considering the same claims under California law and applying the two *Illinois*

18    cases, the court in *Camacho v. Control Group Media Company, LLC*, found that the key

19    factor is whether the "people search" results in an offer for a paid subscription "where they

20    can access detailed reports about *anybody* in their database." No. 21-CV-1954, 2022 WL

21    3093306, at *26 (S.D. Cal. July 18, 2022).

22        The Court here need not reconcile these cases, however, because Plaintiff hasn't

23    definitively alleged—with a screenshot or otherwise—what kind of subscription is offered

24    when a user clicks "Open Report" for his name. Just that he will in the future. The absence

25    of a generalized subscription offer was the critical and distinguishing fact in *Comacho* and

26    *Lukis*. Without allegations on this point, Plaintiff has failed to plausibly allege the second

27    element of his misappropriation claims. The Court should grant Defendant's motion.

28

**DFDNT'S NOTICE AND MOT. TO DISMISS
CLAIMS PER FRCP 12(B)(1), (6)**

**2.   Plaintiff hasn't plausibly alleged an "unlawful" or "unfair" business practice.**

Plaintiff claims that offering to give a user access to his personal details—which he concedes are generally discoverable from other sources[2]—is both "unlawful" and "unfair" under the UCL. His Complaint fails to plausibly plead the elements for either of them.

**a.   Offer of his personal information would not be "unlawful."**

As in *Brooks*, Plaintiff's claims under the unlawful prong of the UCL "are entirely predicated on their common law and statutory right of publicity claims." 2021 WL 3621837, at *5. The Court should make the same finding as in *Brooks*: Because Plaintiff "failed to properly plead those predicate claims," *see supra*, he has "also failed to plausibly plead" a UCL claim under the "unlawful prong." The Court should dismiss the "unlawful" prong of Plaintiff's third cause of action. *Brooks*, 2021 WL 3621837, at *5.

**b.   Offer of his personal information would not be "unfair."**

The unfair prong asks whether the business practice offends a public policy or essentially unethical. *Brooks*, 2021 WL 3621837, at *7. Courts look to two tests on this issue: the "balancing" test and the "tethering" test. *Id.* The Court need not analyze the facts under the tests here because—in contrast to the plaintiffs in *Brooks*—Plaintiff doesn't allege that Defendant has offered *his* personal information for sale. As noted above, he says he will once he or his attorney uses the Website to search his name. But he hasn't yet. And as a result, Plaintiff doesn't state a claim under the unfair prong.

**III.   CONCLUSION**

Plaintiff's Complaint may not proceed because of two deficiencies. First, he lacks standing. The Court should dismiss the Complaint without prejudice. Second, and only were the Court to find standing, Plaintiff has failed to state a claim upon which relief may be granted. For these reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

//

---

[2] ECF No. 1 at 3 ¶7.

9

**DFDNT'S NOTICE AND MOT. TO DISMISS CLAIMS PER FRCP 12(B)(1), (6)**

Respectfully submitted,

DATED: May 20, 2024                    **KRONENBERGER ROSENFELD, LLP**


                                       By:  s/ Virginia Sanderson
                                            Virginia Sanderson

                                       Attorneys for Defendant Information.com LLC